UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA MESA and ROBERT CALDWELL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ENLOE MEDICAL CENTER, and DOES 1 through 100, inclusive,<br><br>Defendants. | No.  2:20-cv-02483-JAM-KJN<br><br>**ORDER DENYING MOTION TO REMAND** |

Before the Court is Linda Mesa and Robert Caldwell's ("Plaintiffs") Motion to Remand.  Mot. to Remand ("Mot."), ECF No. 13.  Enloe Medical Center ("Defendant") filed an opposition, Opp'n, ECF No. 14, to which Plaintiff replied, Reply, ECF No. 17. For the reasons set forth below, the Court DENIES Plaintiff's Motion to Remand.[1]

## I.  BACKGROUND

Defendant Enloe Medical Center ("Enloe") is a hospital serving patients in Sacramento and Chico, California.  See Compl. ¶ 13, Ex. A to Not. of Removal, ECF No. 1-1.  Plaintiffs, two California citizens, were patients at Enloe.  Compl. ¶¶ 10-11.

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for March 23, 2021.

1

In May 2020, Enloe received notice from its cloud-based service provider, Blackbaud, that Blackbaud had suffered a ransomware attack that resulted in the potential exposure of Enloe's data. Id. ¶ 20. On September 10, 2020, Enloe sent a letter to Plaintiffs giving them notice of the ransomware attack. Id.

In response, Plaintiffs filed this putative class action against both Enloe and Blackbaud in Sacramento County Superior Court. See Compl. Plaintiffs bring three state law claims against Defendants alleging they unlawfully disclosed Plaintiffs' confidential medical information in violation of: (1) the Confidentiality of Medical Information Act, Cal. Civ. Code § 56 *et seq.*, (2) California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, and for (3) negligence. Id. ¶¶ 14-44.

On December 15, 2020, Blackbaud, a citizen of Delaware and South Carolina, filed a Notice of Removal, invoking this Court's jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"). Not. of Removal ¶ 10, ECF No. 1. Two days later, Plaintiffs voluntarily dismissed Blackbaud, leaving Enloe as the only Defendant. Not. of Voluntary Dismissal, ECF No. 3. On February 4, 2021, Plaintiffs filed the present Motion to Remand. See Mot.

II.   OPINION

A.   Legal Standard

A civil action brought in state court may be removed by the defendant to a federal district court if the action could have been brought there originally. 28 U.S.C. § 1441(a); see also

2

City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997).  Under CAFA, federal courts have original jurisdiction over a class action if (1) the parties are minimally diverse, (2) the proposed class has more than 100 members, and (3) the aggregated amount in controversy exceeds $5 million.  28 U.S.C. § 1332(d)(2); see also Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1139 (9th Cir. 2013).

   An exception to federal jurisdiction under CAFA is the "local controversy" exception; and if the requirements of the local controversy exception are met, the district court must decline to exercise jurisdiction.  28 U.S.C. § 1332(d)(4).  The local controversy exception applies to: "(i) a class action in which (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed; (II) at least 1 defendant is a defendant— (aa) from whom significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of the State in which the action was originally filed; and (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons."  Id.  "The local controversy exception to CAFA jurisdiction is a narrow exception, and Plaintiffs bear the

burden of establishing that it applies." Allen v. Boeing Co., 821 F.3d 1111, 1116 (9th Cir. 2016). If the exception applies, the district court must remand the case to state court. Id.

B. Analysis

As an initial matter, Plaintiffs argue in their Motion that the Court does not have federal question jurisdiction. Mot. at 5-7. In opposition, Defendant concedes this point, stating federal question was not the basis for removal. Opp'n at 4, n.1. Because the parties agree the Court does not have federal question jurisdiction, the Court discusses below only what is disputed: whether the Court retains jurisdiction under CAFA.

1. Minimal Diversity

Plaintiffs argue that the Court lacks jurisdiction under CAFA because following Plaintiffs' voluntary dismissal of Defendant Blackbaud, minimal diversity – a required element of CAFA jurisdiction under 28 U.S.C. § 1332(d)(2) – no longer exists. Mot. at 4-5; Reply at 2-3. Defendant counters that the relevant inquiry is not whether minimal diversity exists now, but whether minimal diversity existed at the time of removal; and it is undisputed that minimal diversity existed when Blackbaud removed the case. Opp'n at 3-6 (emphasis added).

First, the Court agrees with Defendant's characterization of the well-settled law that minimal diversity is assessed at the time of removal. Opp'n at 4-6 (collecting authority holding that minimal diversity for CAFA jurisdiction is determined at the time of removal). As another Eastern District Court has explained: "CAFA, a statute favoring federal jurisdiction, was drafted with the understanding that if minimal diversity exists

4

at the time of removal, jurisdiction could not be divested, even if the situation changed as a result of a later event." Clark v. WorldMark, The Club, No. 1:18-cv-01661-LJO, 2019 WL 1023887, at *6 (E.D. Cal. Mar. 4, 2019) (internal quotations and citations omitted). In reply, Plaintiffs do not address Clark or the many other cases Defendant cites to for the proposition that diversity is assessed at the time of removal. See Reply. Instead, Plaintiffs only discuss and attempt, but fail, to distinguish one case at length: Waller v. Hewlett-Packard Co., No. 11-cv-04540-LAB, 2012 WL 1987397 (S.D. Cal. June 4, 2012). Mot. at 4-5; Reply at 3.

   Second, applying this rule, the Court finds that at the time of removal, minimal diversity clearly existed. Under CAFA, minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." Ehrman v. Cox Commc'ns Inc., 932 F.3d 1223, 1226 (9th Cir. 2019). Here, when Blackbaud removed the case on December 15, 2020, minimal diversity existed because named Plaintiffs, Linda Mesa and Robert Caldwell, are California citizens, and Blackbaud is a citizen of Delaware and South Carolina. See Not. of Removal ¶¶ 11-12 (citing to Compl. ¶¶ 10-11, 14). Thus, at the time of removal, at least two members of the class were "citizens of a State different from [a] Defendant." Ehrman, 932 F.3d at 1226. That Plaintiffs voluntarily dismissed Blackbaud two days after Blackbaud removed the case - thereby leaving only parties with California citizenship - does not change the fact that at the time of removal, minimal diversity existed.

1    Because the settled caselaw dictates that minimal diversity
2    is assessed at the time of removal and because here minimal
3    diversity did exist at the time of removal, the Court retains
4    jurisdiction under CAFA despite Plaintiffs' dismissal of
5    Blackbaud.

### 2.   Local Controversy Exception

Plaintiffs next argue the case should be remanded because the local controversy exception to CAFA jurisdiction applies. Mot. at 4-5; Reply at 3-5.  Defendant advances two separate arguments as to why this exception does not apply. Opp'n at 6-10.

First, Defendant argues that by failing to raise the local controversy exception within 30 days after the time of removal, Plaintiffs have waived it.  Opp'n at 7-8.  In their reply brief, Plaintiffs do not address Defendant's waiver arguments. See Reply.  The Court finds Plaintiffs' failure to address Defendants' legal arguments itself constitutes waiver. See e.g. Resnick v. Hyundai Motor Am., Inc., 2017 WL 1531192 at *22 (C.D. Cal. Apr. 13, 2017) ("Failure to oppose an argument raised in a motion to dismiss constitutes waiver of that argument.").

Second, Defendant argues that even if the Court were to overlook the waiver issue, Plaintiffs still would not be able to establish all the elements required for the local controversy exception to apply. Opp'n at 8-10.  Specifically, Defendant contends Plaintiffs "cannot show that Enloe's conduct formed a significant basis of their requested relief or that no other class actions asserting the same or similar factual allegations have been filed against Blackbaud related to the data privacy

incident." Id. at 8.  Again, in their reply brief, Plaintiffs do not address Defendant's arguments about whether 1) Enloe's conduct formed a significant basis of Plaintiffs' requested belief, and whether 2) any other class actions have been filed asserting the same or similar factual allegations against any of the defendants on behalf the same or other persons.  See Reply. Significantly, both of these elements are required for the local controversy exception to apply.  28 U.S.C. § 1332(d)(4)(i)(II)(bb) ("significant basis" element); 28 U.S.C. § 1332(d)(4)(ii) ("no other class actions" element).  In failing to address Defendant's arguments about these two necessary elements, Plaintiffs consequently fail to carry their burden of establishing the local controversy exception applies.  Allen, 821 F.3d at 1116.

Finally, Plaintiffs request "the opportunity to seek jurisdictional discovery regarding the citizenship of the putative class members" in the event the Court is unable to determine whether the local controversy exception applies. Reply at 5.  However, in their reply, Plaintiffs did not proffer any facts that might lead the Court to believe they could establish Enloe's conduct formed a significant basis of Plaintiffs' requested belief as required under § 1332(d)(4)(i) or that no other class actions have been filed asserting the same or similar factual allegations against any of the defendants on behalf the same or other persons as required under § 1332(d)(4)(ii).  Because Plaintiffs failed to show they could establish the local controversy exception applies even if they were granted limited discovery regarding citizenship, their

7

request for limited jurisdictional discovery is denied.

### III.  ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Motion to Remand this case to the Sacramento County Superior Court.

IT IS SO ORDERED.

Dated:  March 29, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE