James F. Monagle (SBN: 236638)
**MULLEN COUGHLIN LLC**
426 West Lancaster Avenue, Suite 200
Devon, Pennsylvania 19333
Telephone: (267) 930-4770
Facsimile: (267) 930-4771
Email: jmonagle@mullen.law

*Attorneys for Defendant*
Enloe Medical Center

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LINDA MESA and ROBERT CALDWELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ENLOE MEDICAL CENTER; BLACKBAUD, INC. and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-02483-JAM-KJN<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ENLOE MEDICAL CENTER'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>**DATE:**<br>**TIME:**<br>**COURTROOM:**<br><br>**HON. JOHN A. MENDEZ** |

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................... 1

II.  RELEVANT FACTUAL ALLEGATIONS .................................................................. 1

III. ARGUMENT ......................................................................................................... 2

    A. Legal Standard ................................................................................................ 2

    B. Plaintiffs Have Failed to State Valid Claims for Relief .................................... 3

        1. Plaintiffs do not state a claim for violation of the CMIA .................................. 3

            a) Plaintiffs' information does not meet the CMIA's definition of medical information .................................................................................................. 4

            b) Enloe was permitted to share patient information with Blackbaud without patient authorization ................................................................................... 6

            c) Enloe did not "disclose" confidential medical information ....................... 7

            d) Plaintiffs cannot show confidential medical information was viewed by an unauthorized third party ......................................................................... 8

        2. Plaintiffs do not state a claim for violation of the UCL .................................... 9

            a) Enloe did not engage in unlawful conduct .............................................. 10

            b) Enloe did not engage in unfair business practices ................................. 10

            c) Enloe did not engage in fraudulent business practices .......................... 10

            d) There is no basis for injunctive relief or restitution ............................... 11

        3. Plaintiffs do not state a claim for negligence ................................................. 12

            a) Plaintiffs have not pled any present actual injury resulting in cognizable damages. .................................................................................................... 12

            b) Plaintiffs have not pled that Enloe proximately caused their alleged damages. .................................................................................................... 13

            c) Plaintiffs' negligence claim is barred by the economic loss rule ............ 14

        d) Plaintiffs' negligence claim should be dismissed as duplicative of their CMIA claim ................................................................................................... 14

IV.   CONCLUSION ................................................................................................. 15

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) ................................................................ 3

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................................... 3

*Award Metals, Inc. v. Superior Ct.*, 228 Cal. App. 3d 1128 (1991) ............................................. 15

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................... 2, 3

*Castillo v. Seagate Tech., LLC*, No. 16-1958, 2016 WL9280242 (N.D. Cal. Sept. 14, 2016) ..... 11

*Cisco Sys., Inc. v. STMicroelectronics, Inc.*, 77 F. Supp. 3d 887 (N.D. Cal. 2014) ..................... 15

*Claridge v. RockYou, Inc.*, 785 F. Supp. 2d 855 (N.D. Cal. 2011) ................................................ 9

*Craig v. Capital One, N.A.*, No. 17-3788, 2018 WL 5857987 (C.D. Cal. Apr. 10, 2018) ........... 12

*Eisenhower Med. Center v. Superior Ct.*, 226 Cal. App. 4th 430 (2014) ................................... 4, 5

*Falkenberg v. Alere Home Monitoring, Inc.*, No. 13-341, 2015 WL 800378 (N.D. Cal. Feb. 23, 2015) ........................................................................................................................................... 8

*Fayer v. Vaughn*, 649 F.3d 1061 (9th Cir. 2011) (per curiam) ....................................................... 3

*Huynh v. Quora, Inc.*, No. 5:18-CV-07597, 2020 WL 7495097 (N.D. Cal. Dec. 21, 2020) ........ 14

*In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953 (N.D. Cal. 2016) ...................... 10, 11

*In re iPhone Application Litig.*, 844 F. Supp. 2d 1040 (N.D. Cal. 2012) .................................... 13

*In re Solara Med. Supplies, LLC Customer Data Sec. Breach Litig.*, No. 19-2284, 2020 WL 2214152 (S.D. Cal. May 7, 2020) .............................................................................................. 12

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-2752, 2020 WL 4212811 (N.D. Cal. July 22, 2020) ............................................................................................................................ 13

*Korea Supply Co. v. Lockheed Martin Corp.* 29 Cal.4th 1134 (2003) ........................................ 12

*Kwikset Corp. v. Superior Court,* 51 Cal.4th 310 (2011) ........................................................ 9, 10

*McDonald v. Coldwell Banker*, 543 F.3d 498 (9th Cir. 2008) ....................................................... 10

*McNair v. City and County of San Francisco*, 5 Cal. App. 5th 1154 (2016) .................................. 6

*Pom Wonderful LLC v. Welch Foods, Inc.,* No. 09-567, 2009 WL 5184422 (C.D. Cal. Dec. 21, 2009) ............................................................................................................................................ 9

*Regents of the Univ. of Calif. v. Superior Ct.*, 220 Cal. App. 4th 549 (2014) ............................ 7, 8

*Ruiz v. Gap, Inc.*, 622 F. Supp. 2d 908, 913 (N.D. Cal. 2009) ...................................................... 13

*S. California Gas Leak Cases*, 7 Cal.5th 391 (2019) .................................................................. 14

*Sandoval v. Bank of Am.*, 94 Cal. App. 4th 1378 (2002) ............................................................. 13

*Seely v. White Motor Co.*, 63 Cal.2d 9 (1965) ............................................................................. 14

*Sutter Health v. Superior Ct.*, 227 Cal. App. 4th 1546 (2014) .................................................. 7, 8

*Vasquez v. Residential Investments, Inc.*, 118 Cal. App. 4th 269, 288 (2004) ............................. 13

**Statutes**

Cal. Civ. Code § 56.05(j) ............................................................................................................ 4, 5

Cal. Civ. Code § 56.10(a) ............................................................................................................... 3

Cal. Civ. Code § 56.10(c)(14) ........................................................................................................ 6

CMIA. Cal. Civ. Code § 56.101 ..................................................................................................... 3

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ................................................................................... 2, 3

**Regulations**

45 C.F.R. § 164.514(f)(1) ............................................................................................................... 7

45 C.F.R. § 164.514(f)(2) ............................................................................................................... 7

## I. INTRODUCTION

Defendant Enloe Medical Center ("Enloe") is a community hospital that uses the services of Blackbaud Inc. ("Blackbaud"), a third-party cloud-based service provider, to store certain data. On July 16, 2020, Blackbaud reported that, in May 2020, it experienced a ransomware incident that resulted in encryption of certain Blackbaud systems and that an unknown actor may have accessed or acquired certain Enloe patient data. On September 10, 2020, Enloe notified potentially affected individuals, including Plaintiffs Linda Mesa and Robert Caldwell, that the Blackbaud incident may have resulted in unauthorized access to their personal information.

Although Plaintiffs originally sued both Enloe and Blackbaud based on the ransomware attack Blackbaud suffered, they have since dismissed Blackbaud and changed the theory of their case in the First Amended Complaint to argue that Enloe impermissibly shared their information with Blackbaud without Plaintiffs' authorization. By focusing on Enloe, an entity that experienced no security breach whatsoever, Plaintiffs' First Amended Complaint cannot state viable causes of action for (1) violation of California's Confidentiality of Medical Information Act ("CMIA"); (2) violation of California's Unfair Competition Law ("UCL"); or (3) negligence. Indeed, Plaintiffs have failed to plead a sufficient factual basis to support any of these claims. Accordingly, the Complaint should be dismissed in its entirety with prejudice.

## II. RELEVANT FACTUAL ALLEGATIONS

Blackbaud is a third-party cloud-based service provider that provides services that include support for its clients' fundraising activities. First Am. Compl. ¶ 18. Enloe is a hospital serving patients in Sacramento and Chico, California, as well as surrounding communities, and is a Blackbaud customer. *Id*. In May 2020, Blackbaud suffered a ransomware attack that resulted in the potential exposure of data that its customers hosted on Blackbaud servers. First Am. Compl.

1

¶ 19. Blackbaud notified Enloe that it was one of the Blackbaud customers whose data may have been exposed by the ransomware attack. First Am. Compl. ¶ 19. On or about September 10, 2020, Enloe sent a notice letter to its patients, including Plaintiffs, notifying them of the Blackbaud ransomware attack. *Id.* The notice advised Enloe's patients that certain patient data may have been exposed to unauthorized individuals as a result of the ransomware attack and that the impacted information included patient names, addresses, dates of birth, phone numbers, email addresses, medical treatment discharge dates, and department where the patients received care. First Am. Compl. ¶ 18. Plaintiffs now allege that they never authorized Enloe to disclose their information to Blackbaud. First Am. Compl. ¶ 20.

The First Amended Complaint contains no allegations (nor is there any evidence) suggesting that any unauthorized individual actually accessed any of Plaintiffs' personal information or that Plaintiffs' personal information was misused in any way. Despite the lack of any allegation that Plaintiffs were the victims of identity theft or any other harm, Plaintiffs allege that they have "suffered from increased stress, embarrassment, humiliation, frustration, fear and anxiety and bear an increased risk of identity theft" as a result of the Blackbaud ransomware attack. First Am. Compl. ¶ 33.

### III. ARGUMENT

The Court should dismiss Plaintiffs' Complaint in its entirety pursuant to Rule Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs have failed to state a claim for relief under any of their causes of action.

### A. Legal Standard

A court must dismiss a complaint under Rule 12(b)(6) if the alleged facts do not entitle the plaintiff to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560-61 (2007). To withstand

a motion to dismiss under Rule 12(b)(6), Plaintiffs must allege facts that raise a right to relief "above the speculative level." *Id.* at 555-56. Alleging a "formulaic recitation of the elements of a cause of action" is not sufficient. *Id.* at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This is especially true where, as here, Plaintiffs seek to bring a "potentially massive . . . controversy" through class action litigation. *See Twombly*, 550 U.S. at 558.

To satisfy their burden and avoid dismissal, Plaintiffs must allege "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**B.    Plaintiffs Have Failed to State Valid Claims for Relief**

**1.    Plaintiffs do not state a claim for violation of the CMIA**

In Count I, Plaintiffs allege that Enloe violated Sections 56.10 and 56.101 of the CMIA. Section 56.10 provides that "no provider of health care, health care service plan, or contractor shall disclose medical information regarding a patient of the provider of health care or an enrollee or subscriber of a health care service plan without first obtaining an authorization[.]" Cal. Civ. Code § 56.10(a). Section 56.101 provides that "[a]ny provider of health care, health care service plan, pharmaceutical company, or contractor who negligently creates, maintains, preserves, stores, abandons, destroys, or disposes of medical information" in a manner that does not preserve the confidentiality of the information shall be liable under the CMIA. Cal. Civ. Code § 56.101. Plaintiffs have not pled facts demonstrating that Enloe violated either of these provisions.

3

First, Count I should be dismissed because none of the information at issue qualifies as "medical information" under the CMIA. Second, even if the information alleged qualified as medical information, Enloe was permitted to share it with Blackbaud without patient authorization under federal law and the CMIA. Third, Enloe did not "disclose" medical information to Blackbaud in violation of Section 56.10.  Fourth, Plaintiffs have not pled that an unauthorized third party viewed their medical information, which is a required element of a cause of action under Section 56.101.

### *a)  Plaintiffs' information does not meet the CMIA's definition of medical information*

Plaintiffs' CMIA claim is premised on the idea that the information exposed in the Blackbaud breach qualifies as "medical information" under the provisions of the CMIA. It does not. Because Plaintiffs' information does not fall within the CMIA's definition of medical information, the CMIA does not apply, and Count I should be dismissed.

The CMIA defines "medical information" as "any individually identifiable information, in electronic or physical form, in possession of or derived from a provider of health care, health care service plan, pharmaceutical company, or contractor regarding a patient's medical history, mental or physical condition, or treatment." Cal. Civ. Code § 56.05(j). "It is clear from the plain meaning of the statute that medical information cannot mean just any patient-related information held by a health care provider, but must be 'individually identifiable information' and also include 'a patient's medical history, mental or physical condition, or treatment.'" *Eisenhower Med. Center v. Superior Ct*., 226 Cal. App. 4th 430, 435 (2014). "'Individually identifiable' means that the medical information includes or contains any element of personal identifying information sufficient to allow identification of the individual, such as the patient's name, address, electronic mail address, telephone number, or social security number, or other information that, alone or in

4

combination with other publicly available information, reveals the individual's identity." Cal. Civ. Code § 56.05(j). That the information is "individually identifiable," however, does not make it "medical information" under the statute unless it also includes information about "medical history, diagnosis, or care." *Eisenhower*, 226 Cal. App. 4th at 435.

The information at issue here does not meet that standard. According to the First Amended Complaint, the information that may have been exposed in the Blackbaud breach included "patient names, addresses, patient date of birth, phone number and/or email address, medical treatment discharge dates and departments where the patients received care." First Am. Compl. ¶ 18. Although this information qualifies as "individually identifiable," Plaintiffs' claim fails to satisfy the "medical information" requirement, *i.e.* that the information includes Plaintiffs' "medical history, mental or physical condition, or treatment." Cal. Civ. Code § 56.05(j); *Eisenhower*, 226 Cal. App. 4th at 435.

There is no question that names, addresses, dates of birth, phone numbers and email addresses do not address Plaintiffs' medical history, mental or physical condition, or treatment. But neither do "departments where the patients received care" or "discharge dates" satisfy this requirement. That a person received treatment in a certain department and was discharged on a certain date is simply not enough under applicable law. "Even accepting that the person was treated, this fact that he or she was a patient is not in itself medical information as defined in section 56.05" because it does not reveal anything about the person's medical history, mental or physical condition, or treatment. *Eisenhower*, 226 Cal. App. 4th at 436. Under the CMIA, "the mere fact that a person is or was a patient is not accorded the same level of privacy as more specific information about his medical history." *Id*. Because Plaintiffs' information that may have been

exposed in the Blackbaud breach was not medical information, as that term is defined in the CMIA, Count I should be dismissed.

### b) *Enloe was permitted to share patient information with Blackbaud without patient authorization*

Even if Plaintiffs' information qualified as medical information, Count I would still fail because the CMIA permits the disclosure of medical information for fundraising purposes.

Plaintiffs note that Blackbaud provides "fundraising and financial services" but erroneously allege that Section 56.10 does not allow Enloe to disclose "Plaintiffs' and the Class members' medical information to an unauthorized vendor in connection with fundraising activities." First Am. Compl. ¶¶ 18, 24. Contrary to Plaintiffs' assertion, disclosure of medical information to an unauthorized vendor in connection with fundraising purposes is permitted under the statute. Section 56.10(c) lists a number of scenarios in which the CMIA allows a health care provider to disclose medical information without patient authorization. Under Section 56.10(c)(14), "[t]he information may be disclosed *when the disclosure is otherwise specifically authorized by law, including, but not limited to*, the voluntary reporting, either directly or indirectly, to the federal Food and Drug Administration of adverse events related to drug products or medical device problems[.]" Cal. Civ. Code § 56.10(c)(14) (emphasis added). This "catchall provision . . . serves as the residuary clause in section 56.10 [and] legitimizes a myriad of situations the Legislature may not have cared to spell out, by establishing the principle of permissive disclosure when specifically authorized by law." *McNair v. City and County of San Francisco*, 5 Cal. App. 5th 1154, 1165 (2016). That subsection permits Enloe to share medical information with a data-hosting vendor for fundraising purposes, as follows:

The federal Health Insurance Portability and Accountability Act ("HIPAA") specifically authorizes a health care provider to make fundraising-related disclosures under certain

6

circumstances. Pursuant to a federal regulation promulgated under authority granted to the Secretary of Health and Human Services under HIPAA:

> [A] covered entity may use, or disclose to a business associate or to an institutionally related foundation, the following protected health information for the purpose of raising funds for its own benefit, without an authorization meeting the requirements of § 164.508: (i) Demographic information relating to an individual, including name, address, other contact information, age, gender, and date of birth; (ii) Dates of health care provided to an individual; (iii) Department of service information; (iv) Treating physician; (v) Outcome information; and (vi) Health insurance status.

*See* 45 C.F.R. § 164.514(f)(1). The HIPAA fundraising regulation further provides that a covered entity must provide notice of potential fundraising communications in its HIPAA-mandated Notice of Privacy Practices. *See* 45 C.F.R. § 164.514(f)(2). There is no allegation that Enloe has not provided this notice, because Plaintiffs know that Enloe provided it. Plaintiffs' information falls within the HIPAA fundraising exception, and its disclosure to Blackbaud is therefore "otherwise specifically authorized by law" and explicitly permitted under the CMIA.

### c)   *Enloe did not "disclose" confidential medical information*

Plaintiffs cannot show a violation of Section 56.10 for the additional reason that they have not alleged that Enloe "disclosed" confidential medical information. As noted above, Plaintiffs' information was not "medical information" under the CMIA. Even if it were, Enloe did not "disclose" it to Blackbaud. "'Disclosure' is covered in section 56.10, subdivision (a) and refers to affirmative communicative acts—giving out medical information on a patient." *Sutter Health v. Superior Ct.*, 227 Cal. App. 4th 1546, 1554 (2014); *see also Regents of the Univ. of Calif. v. Superior Ct.*, 220 Cal. App. 4th 549, 564-65 (2014) (distinguishing between "disclosure" and "release" of information under the CMIA).

Plaintiffs, despite alleging violations of Cal. Civ. Code §56.10, can point to no affirmative communicative acts undertaken by Enloe, but instead simply conclude that "[b]y disclosing

7

Plaintiffs' personal information and private medical information without written authorization, Defendant has violated Cal. Civil Code § 56.10." First Am. Compl. ¶ 56. By selecting Blackbaud as a data-hosting vendor, Enloe did not engage in any affirmative *communicative* act. It simply entered into an agreement through which Blackbaud hosted Enloe's data on its servers. Because Plaintiffs have failed to establish Enloe undertook an affirmative communicative act disclosing their confidential medical information, they fail to state a claim under Cal. Civ. Code § 56.10.

### d) *Plaintiffs cannot show confidential medical information was viewed by an unauthorized third party*

Plaintiffs have also failed to state a claim under Section 56.101, because they have not pled any facts that show an unauthorized third party viewed any of Plaintiffs' information.

To state a claim under Section 56.101, Plaintiffs must plead that confidential information has been released in violation of the CMIA. *Regents of Univ. of Cal.*, 220 Cal. App. 4th at 563-64. "What is required is pleading, and ultimately proving, that the confidential nature of the plaintiff's medical information was breached as a result of the health care provider's negligence." *Id.*; *see also Sutter Health*, 227 Cal. App. 4th at 1557 ("While loss of possession *may result* in breach of confidentiality, loss of possession *does not necessarily result* in a breach of confidentiality. For that reason, a plaintiff must allege a breach of confidentiality, not just a loss of possession, to state a cause of action for nominal or actual damages under section 56.101") (emphasis added). "Without an actual confidentiality breach there is no injury and therefore no negligence under section 56.101." *Sutter Health*, 227 Cal. App. 4th at 1558. Thus, Plaintiffs "must plead that an unauthorized third party viewed or accessed their confidential information." *Falkenberg v. Alere Home Monitoring, Inc.*, No. 13-341, 2015 WL 800378, at *3 (N.D. Cal. Feb. 23, 2015) (internal citations omitted).

Here, Plaintiffs' Complaint does not allege facts demonstrating that Blackbaud or an unauthorized third party actually viewed their confidential medical information. Instead, Plaintiffs merely offer an unsupported conclusory statement that Enloe violated Cal. Civ. Code § 56.101 and it "is and was negligent by failing to implement, maintain, and follow reasonable policies and procedures to protect medical information from unauthorized access and disclosure." First Am. Compl. ¶ 57. Plaintiffs' failure to plead facts demonstrating an unauthorized third party actually viewed their confidential medical information constitutes a failure to state a claim. This same standard should also be applied to Plaintiffs' claim under Cal. Civ. Code § 56.10, because not only did Enloe not "disclose" Plaintiffs' medical information to Blackbaud, but Plaintiffs have failed to allege that Blackbaud or any other unauthorized third party actually viewed it.

### 2. Plaintiffs do not state a claim for violation of the UCL

California's UCL prohibits an entity from engaging in any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. To pursue a claim under the UCL, a plaintiff must have suffered an "injury-in-fact" and "lost money or property" as a result of the alleged unfair competition. *Kwikset Corp. v. Superior Court,* 51 Cal.4th 310, 332 (2011); *Claridge v. RockYou, Inc.*, 785 F. Supp. 2d 855, 862 (N.D. Cal. 2011). This requirement means that a plaintiff must have "parted, deliberately or otherwise" with some identifiable sum or particular item of property formerly belonging to him or subject to his control. *Claridge*, 785 F. Supp. 2d at 862. "Remedies for private individuals bringing suit under the UCL are limited to restitution and injunctive relief." *Pom Wonderful LLC v. Welch Foods, Inc.,* No. 09-567, 2009 WL 5184422, at *2 (C.D. Cal. Dec. 21, 2009) (citing *Madrid v. Perot Systems Corp.,* 130 Cal. App. 4th 440, 452 (2005)).

9

### *a)* *Enloe did not engage in unlawful conduct*

To sustain a claim under the UCL for alleged unlawful conduct, Plaintiffs must allege facts demonstrating that Enloe's conduct violated another law. *In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953, 989 (N.D. Cal. 2016). Here, Plaintiffs allege Enloe acted "unlawfully" in violation of the CMIA. First Am. Compl. ¶ 65. However, for the reasons discussed more fully above, Plaintiffs are unable to show that Enloe violated the CMIA. Because Plaintiffs' cause of action under CMIA fails, their cause of action under the UCL must fail as well.

### *b)* *Enloe did not engage in unfair business practices*

To state a claim under the UCL for alleged unfair business practices, a plaintiff must allege facts demonstrating the defendant's act "either offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to [individuals]." *McDonald v. Coldwell Banker*, 543 F.3d 498, 605 (9th Cir. 2008). Unfair business practices under the UCL could mean: (1) the utility of the defendant's conduct is outweighed by the gravity of the harm alleged by the plaintiff; or (2) the unfairness is connected to a legislatively declared policy or an actual or threatened impact on competition. *Id*. (internal citations omitted).

Plaintiffs allege Enloe's business practices are unfair based on alleged violations of the CMIA. First Am. Compl. ¶ 71. For the reasons stated above—Enloe did not violate the CMIA—Plaintiffs' claim fails. Moreover, Plaintiffs do not (and cannot) offer any factual evidence upon which it can be reasonably established that Enloe acted in a way that offends public policy or is "immoral, unscrupulous, unethical, deceitful and offensive."

### *c)* *Enloe did not engage in fraudulent business practices*

In order to state a claim under the UCL for fraud, a plaintiff "must allege facts showing that members of the public are likely to be deceived by the alleged fraudulent business practice."

10

*In re Anthem Data Breach Litig.*, 1162 F. Supp. 3d at 990 (internal citation and quotation marks omitted). Plaintiffs must "truthfully allege they were deceived by a [misrepresentation] into spending money to purchase the [good or service], and would not have purchased it otherwise." *Kwikset*, 51 Cal.4th at 317.

Plaintiffs nakedly allege Enloe's business practices are fraudulent. *See* First Am. Compl. ¶ 71. Such general and conclusory allegations cannot establish that Enloe's statements are or were knowingly false, misleading or have a tendency to deceive the reasonable consumer. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Moreover, Plaintiffs have not alleged facts showing that they relied upon any statements made by Enloe or that they paid more than they otherwise would have been willing to pay as a result of that alleged reliance. *See Kwikset*, 51 Cal.4th at 329. As a result, Plaintiffs' claims that Enloe's business practices are "fraudulent" should be dismissed.

### *d)   There is no basis for injunctive relief or restitution*

Plaintiffs seek injunctive relief and restitution, which are the only remedies available under the UCL. First Am. Compl. ¶¶ 74-75. Plaintiffs, however, do not sufficiently allege a "threat of impending future harm that would entitle [them] to injunctive relief." *Castillo v. Seagate Tech., LLC*, No. 16-1958, 2016 WL9280242, at *8 (N.D. Cal. Sept. 14, 2016).

Additionally, Plaintiffs assert that they "have suffered injury in fact and lost money as a result of these unlawful, unfair, and fraudulent practices" and that Enloe has "received and continues to receive unjust revenue and profit at the expense of their competitors and the public." First Am. Compl. ¶¶ 71-72. Plaintiffs therefore "seek restitution of excess monies paid to Defendant[] by Plaintiffs and the class relating to representations set forth on Defendant['s] website in the marketing and description of Defendant['s] services." First Am. Compl. ¶ 75. These

assertions are without any support in the First Amended Complaint. Restitution would require Enloe to "return money obtained through an unfair business practice to those persons in interest from whom the property was taken." *Korea Supply Co. v. Lockheed Martin Corp*. 29 Cal.4th 1134, 1144-45 (2003). The only money Enloe obtained is what Plaintiffs paid for medical services, and Plaintiffs cannot provide any explanation as to why it is an unjust or unfair business practice for Enloe to collect money for providing medical services.

### 3. Plaintiffs do not state a claim for negligence

To state a claim for negligence under California law, a plaintiff must allege (1) the existence of a duty the defendant owed the plaintiff to exercise due care; (2) breach of that duty; (3) causation; and (4) damages. *See In re Solara Med. Supplies, LLC Customer Data Sec. Breach Litig.*, No. 19-2284, 2020 WL 2214152, at *3 (S.D. Cal. May 7, 2020). Plaintiffs cannot maintain their negligence claim because (1) Plaintiffs have failed to allege an injury or resulting cognizable damages; (2) Plaintiffs cannot establish Enloe is the proximate cause of any alleged injury; (3) this claim is precluded by the economic loss doctrine; and (4) this cause of action is duplicative of the CMIA claim.

#### a) *Plaintiffs have not pled any present actual injury resulting in cognizable damages.*

Actual damages are a necessary element to a negligence claim. *Craig v. Capital One, N.A.*, No. 17-3788, 2018 WL 5857987, at *7 (C.D. Cal. Apr. 10, 2018). Plaintiffs have not pled any facts showing that they suffered actual damages.

Instead of pleading facts that show they have experienced cognizable damages, Plaintiffs allege that they have "suffered from increased stress, embarrassment, humiliation, frustration, fear and anxiety and bear an increased risk of identity theft[.]" First Am. Compl. ¶ 33. The threat of future identity theft, however, does not generally satisfy the "actual damages" requirement.

12

*See, e.g., In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1064 (N.D. Cal. 2012) (finding that "increased, unexpected, and unreasonable risk to the security of sensitive personal information" is not enough to sustain a claim for negligence); *Ruiz v. Gap, Inc.*, 622 F. Supp. 2d 908, 913 (N.D. Cal. 2009) (holding that increased risk of future identity theft "does not rise to the level of appreciable harm necessary to assert a negligence claim under California law").

Like their allegations related to a supposedly increased risk of identity theft, Plaintiffs' generalized allegations of "significant emotional distress" also fail to qualify as actual damages. *See In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-2752, 2020 WL 4212811, at *16 (N.D. Cal. July 22, 2020) ("[C]ourts have deemed emotional distress too speculative to constitute a measure of damages in data breach cases."). Because Plaintiffs have not pled actual damages, and alleged damages for emotional distress are too speculative to constitute a measure of damages in data breach cases, Plaintiffs' negligence claim should be dismissed.

### b) *Plaintiffs have not pled that Enloe proximately caused their alleged damages.*

Even if Plaintiffs had suffered any actual damages, they have not shown that Enloe proximately caused those alleged damages.

"In a negligence action, the plaintiff must show the defendant's act or omission (breach of duty) was a cause of the plaintiff's injury." *Vasquez v. Residential Investments, Inc.*, 118 Cal. App. 4th 269, 288 (2004). "In California, the causation element of negligence is satisfied when the plaintiff establishes (1) that the defendant's breach of duty (his negligent act or omission) was a substantial factor in bringing about the plaintiff's harm and (2) that there is no rule of law relieving the defendant of liability." *Sandoval v. Bank of Am.*, 94 Cal. App. 4th 1378, 1385 (2002) (internal citation and quotation marks omitted). Plaintiffs cannot satisfy either of these prongs. First, Enloe did not commit any negligent act or omission that was a substantial factor in bringing

13

about any exposure of Plaintiffs' information through the Blackbaud breach, which was perpetrated by a third-party criminal actor. Second, the CMIA permitted Enloe to disclose to Blackbaud limited information related to its patients. Nothing in the First Amended Complaint shows that Enloe was the proximate cause of Plaintiffs' alleged damages, and accordingly, the negligence claim should be dismissed.

### c) *Plaintiffs' negligence claim is barred by the economic loss rule*

Plaintiffs' negligence claim is also barred by the economic loss rule. In California, the economic loss rule acts as a bar to recovery of purely economic losses under a theory of negligence. *See Seely v. White Motor Co.*, 63 Cal.2d 9, 16-17, (1965); *S. California Gas Leak Cases*, 7 Cal.5th 391, 400 (2019) ("[L]iability in negligence for purely economic losses. . . is the exception, not the rule under our precedents") (internal quotation omitted). To recover in negligence for purely economic loss, "a plaintiff must demonstrate that one of these exceptions to the economic loss rule applies: (1) personal injury, (2) physical damage to property, (3) a special relationship existing between the parties, or (4) some other common law exception to the rule." *Huynh v. Quora, Inc.*, No. 5:18-CV-07597, 2020 WL 7495097, at *13 (N.D. Cal. Dec. 21, 2020). Plaintiffs do not allege any physical harm, personal injury, property damage, or any other common law exception to the economic loss rule. Accordingly, the economic loss rule bars Plaintiffs' negligence claim.

### d) *Plaintiffs' negligence claim should be dismissed as duplicative of their CMIA claim*

Finally, Plaintiffs' cause of action for negligence should be dismissed for the additional reason that it is entirely duplicative of their claim under the CMIA.

"If an alleged cause of action adds nothing to the complaint by way of fact or theory of recovery, containing only allegations of other causes of action, it is duplicative and should

14

be dismissed." *Cisco Sys., Inc. v. STMicroelectronics, Inc.*, 77 F. Supp. 3d 887, 896 (N.D. Cal. 2014) (internal citation omitted). Plaintiffs' negligence claim is based entirely on the alleged violation of the CMIA. *See* First Am. Compl. ¶¶ 78-79. As Plaintiffs note in pleading their negligence claim, Enloe allegedly owed "various duties to Plaintiffs pursuant to the CMIA, as alleged" in their CMIA cause of action. First Am. Compl. ¶ 78. And Enloe allegedly breached the duties it owed to Plaintiffs pursuant to the CMIA by "engaging in the conduct alleged above in violation of the CMIA." First Am. Compl. ¶ 79.  Plaintiffs do not mention any alleged duties or alleged breaches other than those already covered in the CMIA claim. Because Plaintiffs have asserted no facts or legal theories that are not subsumed by the CMIA cause of action, the negligence claim should be dismissed as duplicative. *Cisco*, 77 F. Supp. 3d at 896; *see also Award Metals, Inc. v. Superior Ct.*, 228 Cal. App. 3d 1128, 1135 (1991) ("[S]tating [duplicative allegations] in two causes of action . . . is merely duplicative pleading which adds nothing to the complaint by way of fact or theory. For that reason, the demurrer should have been sustained[.]").

## IV. CONCLUSION

After amending their Complaint, Plaintiffs have failed to plead facts that would entitle them to relief under the CMIA, the UCL, or a negligence theory of liability. For all the foregoing reasons, Defendant respectfully requests that Plaintiffs' Complaint be dismissed with prejudice.

Respectfully Submitted,

James F. Monagle
jmonagle@mullen.law
**MULLEN COUGHLIN LLC**
426 West Lancaster Avenue, Suite 200
Devon, PA 19333
Telephone: (267) 930-4770
*Attorneys for Defendant*

15