James F. Monagle (SBN: 236638)
**MULLEN COUGHLIN LLC**
426 West Lancaster Avenue, Suite 200
Devon, Pennsylvania 19333
Telephone: (267) 930-4770
Facsimile: (267) 930-4771
Email: jmonagle@mullen.law

*Attorneys for Defendant*
Enloe Medical Center

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LINDA MESA and ROBERT CALDWELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>ENLOE MEDICAL CENTER, INC. and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-02483-JAM-KJN<br><br>**DEFENDANT ENLOE MEDICAL CENTER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Defendant Enloe Medical Center ("Enloe"), by and through its undersigned counsel, answers the Second Amended Complaint of Plaintiffs Linda Mesa and Robert Caldwell (collectively, "Plaintiffs") as follows:

**INTRODUCTION**

1.  Enloe admits that Plaintiffs have brought this action, but Enloe denies that Plaintiffs are entitled to relief, and deny all remaining allegations in Paragraph 2.

2.  The allegations in Paragraph 2 are legal conclusions to which no response is required, but to the extent a response is required, Enloe denies the allegations in Paragraph 2.

1

3. The allegations in Paragraph 3 are legal conclusions to which no response is required but to the extent a response is required, Enloe denies the allegations in Paragraph 3.

4. Denied.

5. Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5, and on that basis denies them.

6. Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6, and on that basis denies them.

7. The allegations in Paragraph 7 are legal conclusions to which no response is required. To the extent a response is required, Enloe denies the allegations in Paragraph 7.

**JURISDICTION AND VENUE**

8. The allegations in Paragraph 8 are legal conclusions to which no response is required. By way of further response, Enloe admits that this Court has jurisdiction.

9. The allegations in Paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, Enloe admits that it does business in the State of California, and that venue is proper in this Court. Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiffs' residence. Enloe denies the remaining allegations in Paragraph 9.

10. Denied.

**PARTIES**

11. Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11, and on that basis denies them.

12. Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12, and on that basis denies them.

13. Admitted.

14. Admitted.

15. Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15, and on that basis denies them.

16. The allegations in Paragraph 16 are legal conclusions to which no response is required. To the extent a response is required, Enloe denies the allegations in Paragraph 16.

17. Denied.

## **FACTUAL ALLEGATIONS**

18. Enloe incorporates by reference the responses to Paragraphs 1 through 17 as if set forth at length herein.

19. Enloe admits that it sent a Notice of Data Brach letter (the "Letter") on or about September 10, 2020. Enloe denies Plaintiffs' characterization of the Letter and states that the document, in its entirety, speaks for itself.

20. Enloe admits that it sent the Letter on or about September 10, 2020. Enloe further admits that Blackbaud reported that it had been the victim of a ransomware attack in May 2020. Enloe denies the remaining allegations in Paragraph 20.

21. Enloe admits that Blackbaud posted a description of the data security incident on its website and that Blackbaud thereafter posted an update to its website. Enloe denies Plaintiffs' characterization of the material on Blackbaud's website and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 21, and on that basis denies them.

22. Enloe denies Plaintiffs' characterization of Blackbaud's SEC filing and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 22, and on that basis denies them.

23. Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23, and on that basis denies them.

24. Enloe denies that Plaintiffs were not informed that their information could be used for fundraising purposes. Enloe denies Plaintiffs' characterization regarding authorization being required for Enloe to use Blackbaud's services to store data. Enloe lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 24, and on that basis denies them.

25. The allegation in Paragraph 25 is a legal conclusion to which no response is required.

26. The allegation in Paragraph 26 is a legal conclusion to which no response is required.

27. The allegation in Paragraph 27 is a legal conclusion to which no response is required.

28. The allegation in Paragraph 28 is a legal conclusion to which no response is required. To the extent a response is required, Enloe denies the allegations in Paragraph 28.

29. The allegation in Paragraph 29 is a legal conclusion to which no response is required.

30. The allegation in Paragraph 30 is a legal conclusion to which no response is required.

31. The allegation in Paragraph 31 is a legal conclusion to which no response is required. To the extent a response is required, Enloe denies the allegations in Paragraph 31, including that Enloe was required to obtain Plaintiffs' authorization before using Blackbaud's services to store data.

32. Denied.

33. Denied.

34. Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34, and on that basis denies them.

35. Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35, and on that basis denies them.

36. Enloe denies that it disclosed Plaintiffs' personal medical information to unauthorized persons. Enloe lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 36, and on that basis denies them.

37. Enloe denies that it exposed Plaintiffs' confidential medical information to unauthorized persons. Enloe lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 37, and on that basis denies them.

38. The allegations in Paragraph 38 are legal conclusions to which no response is required. To the extent a response is required, Enloe denies the allegations in Paragraph 38.

39. Enloe admits that on or about September 10, 2020, it reported to the U.S. Department of Health and Human Services that the Blackbaud incident potentially affected 33,575 individuals, and denies the remaining allegations in Paragraph 39.

40. The allegations in Paragraph 40 are legal conclusions to which no response is required. To the extent a response is required, Enloe denies the allegations in Paragraph 40.

41. Denied.

42. Enloe denies that Plaintiffs are entitled to redress, and denies the remaining allegations in Paragraph 42, and on that basis denies them.

43. Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43, and on that basis denies them.

44. Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44, and on that basis denies them.

45. Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45, and on that basis denies them.

46. Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46, and on that basis denies them.

47. Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47, and on that basis denies them.

48. Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48, and on that basis denies them.

49. Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49, and on that basis denies them.

50. Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50, and on that basis denies them.

51. Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51, and on that basis denies them.

52. Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52, and on that basis denies them.

53.     Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53, and on that basis denies them.

54.     Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54, and on that basis denies them.

55.     Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55, and on that basis denies them.

56.     Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56, and on that basis denies them.

57.     Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57, and on that basis denies them.

58.     Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58, and on that basis denies them.

59.     Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59, and on that basis denies them.

60.     Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60, and on that basis denies them.

61.     Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61, and on that basis denies them.

62.     Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62, and on that basis denies them.

63.     Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63, and on that basis denies them.

64. Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64, and on that basis denies them.

65. Enloe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65, and on that basis denies them.

## **CLASS ACTION ALLEGATIONS**

66. Enloe incorporates by reference the responses to Paragraphs 1 through 65 as if set forth at length herein.

67. Enloe admits that Plaintiffs have brought this action and seek relief. Enloe denies that Plaintiffs and the proposed class are entitled to any relief. Enloe further denies that Plaintiffs will be able to certify the proposed class.

68. Enloe admits Plaintiffs purport to exclude Enloe's directors, officers, and employees from their proposed class. Enloe denies that Plaintiffs will be able to certify the proposed class.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Enloe admits that Plaintiffs seek damages and injunctive relief. Enloe denies that Plaintiffs are entitled to damages and injunctive relief, or to later expansion of the proposed Class definition.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

# CAUSES OF ACTION

## COUNT I
### VIOLATION OF CAL. CIV. CODE §§ 56, ET SEQ.
### [CONFIDENTIALITY OF MEDICAL INFORMATION ACT]

79. Enloe incorporates by reference the responses to Paragraphs 1 through 78 as if set forth at length herein.

80. Denied.

81. The allegation in Paragraph 81 is a legal conclusion to which no response is required. To the extent a response is required, Enloe denies the allegations in Paragraph 81.

82. The allegations in Paragraph 82 are legal conclusions to which no response is required. To the extent a response is required, Enloe denies the allegations in Paragraph 82.

83. The allegations in Paragraph 83 are legal conclusions to which no response is required.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Enloe admits that Plaintiffs seek damages. Enloe denies that Plaintiffs are entitled to damages.

90. Enloe admits that Plaintiffs seek injunctive relief. Enloe denies that Plaintiffs are entitled to injunctive relief.

## COUNT II
### VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.
### [CALIFORNIA'S UNFAIR COMPETITION LAW]

91. Enloe incorporates by reference the responses to Paragraphs 1 through 90 as if set forth at length herein.

92. The allegations in Paragraph 92 are legal conclusions to which no response is required. To the extent a response is required, Enloe denies the allegations in Paragraph 92.

93. Denied.

94. The allegations in Paragraph 94 are legal conclusions to which no response is required. To the extent a response is required, Enloe denies the allegations in Paragraph 94.

95. Denied.

96. Enloe denies all allegations in Paragraph 96 regarding Enloe. Enloe lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 96, and on that basis denies them.

97. Denied.

98. Denied.

99. Enloe admits that Plaintiffs seek restitution. Enloe denies that Plaintiffs are entitled to restitution, and denies the remaining allegations in Paragraph 99.

100. Enloe admits that Plaintiffs seek equitable and/or injunctive relief. Enloe denies that Plaintiffs are entitled to equitable and/or injective relief and Enloe denies the remaining allegations in Paragraph 99.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Enloe admits that Plaintiffs seek restitution. Enloe denies that Plaintiffs are entitled to restitution, and Enloe denies the remaining allegations in Paragraph 105.

106. Enloe admits that Plaintiffs seek recovery of attorneys' fees. Enloe denies that Plaintiffs are entitled to recovery of attorneys' fees, and Enloe and denies the remaining allegations in Paragraph 106.

## COUNT III
## NEGLIGENCE

107. Enloe incorporates by reference the responses to Paragraphs 1 through 106 as if set forth at length herein.

108. The allegations in Paragraph 108 are legal conclusions to which no response is required. To the extent a response is required, Enloe denies the allegations in Paragraph 108.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

## AFFIRMATIVE DEFENSES

Enloe asserts the following affirmative defenses:

### First Affirmative Defense

Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' information at issue does not meet the definition of "medical information" under the Confidentiality of Medical Information Act.

11

### Third Affirmative Defense

Enloe was permitted to share confidential medical information with Blackbaud pursuant to Cal. Civ. Code § 56.10(c)(14) and 45 C.F.R. § 164.514(f)(1).

### Fourth Affirmative Defense

Enloe did not disclose confidential medical information

### Fifth Affirmative Defense

Plaintiffs cannot show that an unauthorized third party viewed or accessed their confidential medical information.

### Sixth Affirmative Defense

Enloe did not engage in any unlawful, unfair, or fraudulent business act or practice.

### Seventh Affirmative Defense

There is no threat of impending future harm that would entitle Plaintiffs to injunctive relief.

### Eighth Affirmative Defense

Plaintiffs have not suffered any injury or incurred any damages.

### Ninth Affirmative Defense

Enloe did not commit any negligent act or omission that was the proximate cause of Plaintiffs' alleged damages.

### Tenth Affirmative Defense

Plaintiffs' negligence cause of action is barred by the economic loss rule.

### Eleventh Affirmative Defense

Plaintiffs cannot show that there are question of law or fact common to the putative class.

### Twelfth Affirmative Defense

Plaintiffs cannot show that their claims are typical of the claims of the putative class.

**Thirteenth Affirmative Defense**

Questions of law or fact common to putative class members do not predominate over any questions affecting only individual members of the putative class.

**Fourteenth Affirmative Defense**

A class action is not superior to other available methods for fairly and efficiently adjudicating the controversy.

**Fifteenth Affirmative Defense**

Other persons were careless or negligent, or committed intentional acts, and that this carelessness and negligence or these intentional acts proximately contributed to the happening of the incidents referred to in the complaint, and accordingly Plaintiffs' attempted recovery against Defendants should be barred or proportionately reduced.

**Sixteenth Affirmative Defense**

Plaintiffs failed to mitigate the losses and damages complained of, if any there were.

**Seventeenth Affirmative Defense**

Enloe did not breach any duty of care to Plaintiffs.

**Eighteenth Affirmative Defense**

Plaintiffs' claims are barred by the doctrine of intervening and/or superseding causation because any alleged damages they claim were caused by third-party criminals who are not employees or agents of Enloe.

**Nineteenth Affirmative Defense**

All possible affirmative defenses may not have been alleged herein, insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer, and

therefore Defendant reserves the right to amend its Answer to allege additional Affirmative Defenses if subsequent investigation so warrants.

WHEREFORE, Defendant prays for the following relief:

1. For dismissal of the Plaintiff's action with prejudice;

2. For an order that Plaintiff shall take no relief from Defendants based on the Complaint herein;

3. For an award of Defendant's costs herein incurred; and

4. For such further and other relief and the Court deems fair and just.

Dated: May 28, 2021                                             Respectfully Submitted,

                                                                James F. Monagle
                                                                jmonagle@mullen.law
                                                                **MULLEN COUGHLIN LLC**
                                                                426 West Lancaster Avenue, Suite 200
                                                                Devon, PA 19333
                                                                Telephone: (267) 930-4770

                                                                *Attorneys for Defendant*

**PROOF OF SERVICE**

The undersigned attorney hereby certified that, on May 28, 2021, I caused the foregoing Answer to the Second Amended Complaint to be filed via ECF, which served a copy on all counsel of record:

Dated: May 28, 2021

James F. Monagle